UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x

WILLIAM PAPE and NANCY E. PAPE,
individually and as natural
guardians of REBECCA PAPE, and REBECCA

PAPE,

           Plaintiffs,

      -against-

THE BOARD OF EDUCATION OF THE WAPPINGERS
CENTRAL SCHOOL DISTRICT; WAYNE GERSEN,
individually and as Superintendent
of the Wappingers Central School District;
and JOSEPH CORRIGAN, individually and as
Assistant Superintendent for
Administration of the Wappingers
Central School District;

          Defendants.

-------------------------------------------x

CASE NO.
07cv8828 **(HB)**

**AMENDED
COMPLAINT**

JURY TRIAL
DEMANDED

I.   PRELIMINARY STATEMENT

    1.   Plaintiffs Rebecca Pape (hereafter "Rebecca") and

her parents, William Pape and Nancy E. Pape (hereafter "the

Papes"), bring this action against the Board of Education of

the Wappingers Central School District (hereafter "the

School District"), Wayne Gersen (hereafter "Mr. Gersen"),

then Superintendent of the Wappingers Central School

District, and Joseph Corrigan (hereafter "Mr. Corrigan"),

then Assistant Superintendent of the Wappingers Central

School District and Section 504 Officer for the School

District, alleging, _inter alia_, that the continuing

violations of the plaintiffs' federally protected rights by the defendants under the Individuals with Disabilities Education Act (hereafter "the IDEA"), 20 U.S.C. §1400, et seq., caused Rebecca to suffer discrimination because of her disability in violation  Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (hereafter "Section 504"); and Title II of the Americans with Disabilities Act (hereafter "the ADA"), 42 U.S.C. §12101 et seq..

In addition, defendants committed gross violations of plaintiffs' due process rights under the IDEA which caused Rebecca and the Papes to suffer the deprivation of their rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment; and 42 U.S.C. §1983 (hereafter "§1983").

2.    Plaintiffs seek declaratory and monetary relief, including punitive damages, under §1983, to redress alleged gross violations of the IDEA, §504 of the Rehabilitation Act, Title II of the ADA and to redress alleged deprivations, under color of state law, of plaintiffs' rights secured by the United States Constitution and the laws of the United States.

II.    JURISDICTION AND VENUE

2

3.    Jurisdiction  over  the  plaintiffs'  claims  is conferred  on  this  Court  by  29  U.S.C.  §794(a),  28  U.S.C. §1331 and 28 U.S.C. §§1343(a)(3) and (a)(4).

4.    This  Court  has  subject  matter  jurisdiction because  the  plaintiffs  exhausted  their  administrative remedies under 20 U.S.C. §1415 of the IDEA.

5.    Declaratory and monetary relief are sought under 28 U.S.C. §§2201 and 2202 and §1983, respectively, to redress the deprivation, under color of state law, of plaintiffs' rights, privileges, or immunities secured by the constitution and laws of the United States.

6.    Plaintiffs' request for declaratory relief is authorized by 28 U.S.C. §§2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

7.    Venue is proper under 28 U.S.C. §1391, as acts and conduct forming the subject matter of this Complaint have occurred and are occurring in this District.

III. PARTIES

8.    Plaintiff Rebecca Pape is a citizen of the United States and a resident of Wappingers Falls, New York.

9.    Plaintiff William Pape is a citizen of the United States and a resident of Wappingers Falls, New York.

10.    Plaintiff Nancy E. Pape is a citizen of the United States and a resident of Wappingers Falls, New York.

3

11.    Defendant Board of Education of the Wappingers Central School District (hereafter the "School District") is the local public educational agency serving the area in which the Papes live.

12.    Defendant Wayne Gersen was the Superintendant of the Wappingers Central School District at all relevant times of this action. He is sued individually and in his official capacity.

13.    Defendant Joseph Corrigan was an Assistant Superintendent for Administration of the School District and the Section 504 enforcement officer in charge of implementing Rebecca's 504 plan at all relevant times of this action.   He is sued individually and in his official capacity.

IV.   STATEMENT OF FACTS

14.    The School District receives federal financial assistance.

15.    The administrative offices of the School District are located at 15 Myers Corners Road, Wappingers Falls, NY 12590.

16.    Rebecca is an individual with disabilities within the meaning of Section 504 and the ADA because her disability substantially limits, inter alia, her ability to function independently, to attend a regular school, and to

4

socialize with others who are different from her. Rebecca is a 23-year-old woman who has long graduated from Summit School (hereafter "Summit"), her last and pendency placement under 20 U.S.C. 1415(j) of the IDEA.

17.    Mr. Pape, as a parent of a classified disabled child in the School District's special education program, was entitled to challenge the defendants' violations of Rebecca's rights under §1415 of the IDEA. After exhausting his administrative remedies under the IDEA, he is entitled to bring an action under §504, the ADA, the Fourteenth United States Constitution, and §1983.

18.    Mrs. Pape, as a parent of a classified disabled child in the School District's special education program, was entitled to challenge the defendants' violations of Rebecca's rights under §1415 of the IDEA. After exhausting her administrative remedies under the IDEA, she is entitled to bringing an action under §504, the ADA, the Fourteenth United States Constitution, and §1983.

19.    During 1999, the Papes attempted to make a referral of Rebecca to the School District's CSE for evaluations and classification for the School District's special education program to no avail.

20.    The Papes' requests were repeatedly ignored by the School District but still they were not given any

5

notice of their due process rights. Hence, plaintiffs did not know of their right to request an impartial due process hearing under §1415 of the IDEA.

21. On or about April 12, 1999, Robert Irish (hereafter "Mr. Irish"), Assistant Principal of the School District wrote a memorandum to Mr. Corrigan advising him that "Pursuant to assessment/evaluation of Rebecca Pape, it has been determined that she is entitled to 'reasonable accommodations' in fulfillment of federal regulation under Section 504 of the Rehabilitation Act of 1973" and that he [Mr. Corrigan] "implement these accommodations so that [Rebecca] may deprive full benefit from the instruction provided."

22. In the Fall of 1999, Rebecca was receiving medical treatment for expressing suicidal ideations including self-mutilation.

23. On or about December 7, 1999, the School District's CSE classified Rebecca "as [a] student with Emotional Disturbance and made her eligible for its special education program. At that point in time, Rebecca became a qualified disabled individual within the meaning of §504 of the Rehabilitation Act who was eligible to receive special education and related services under the IDEA until she became 21 years old.

6

24. On January 18, 2000, the Papes made a written demand to the School District for a due process hearing because of the School District's consistent failure to evaluate Rebecca on a timely basis for her known and suspected handicapping conditions in violation of plaintiffs' procedural rights under §1415 of the IDEA.

25. At that time, defendants violated their obligations to Rebecca under §504 of the Rehabilitation Act by failing to comply with the 45-day rule of §1415 of the IDEA which requires that the local school districts provide parents of disabled children a impartial due process hearing and an enforceable decision within 45 days of a parent's request for a due process hearing under the IDEA.

26. Defendants violated §504 of the Rehabilitation Act by failing to ensure that the School District's special education program establishes, maintains and implements procedural safeguards that meet their obligations under 20 U.S.C. §1415 of the IDEA.

27. On or about October 20, 2000, Mr. James P. Walsh, was selected by the School District to be the Impartial Hearing Officer (hereafter "IHO") for the Papes' due process hearing in accordance to the requirements of §1415 of the IDEA.

7

28.   On or about December 7, 2000, the Board of Education's Committee on Special Education (hereafter "CSE") recommended that Rebecca be classified as a student with "Emotional Disturbance" and enrolled her in the School District's special education program for Roy C. Ketcham Senior High School, 99 Myers Corners Road, Wappingers Falls, NY 12590.

29.   On or about December 7, 2000, the School District developed an Individualized Education Program (hereafter "IEP") for the 2002-2003 school years for Rebecca.   The 2002-2003 IEP indicated that Rebecca was scheduled to graduate from Summit School (hereafter "Summit"), a private residential school st Upper Nyack, New York in June 2003.

30.   At that time, Rebecca's 2002-2003 IEP stipulated that she would receive transitional services, psychiatric evaluations, and counseling services during the 2002-2003 school years.

31.   At that time, Summit was approved by the Commissioner of Education of the New York State Education Department (hereafter "SED") as a private residential school which local school districts may make contracts to provide special education to their students with disabilities.

8

32.    On or about March 2003, the Papes requested an impartial hearing under the IDEA because the School District's persistent failure to implement Rebecca's IEP. For example, the School District refused to provide Rebecca with transitional services, psychiatric counseling, vocational assessments and other services in order to prepare her for college and work after graduation.

33.    The defendants' unlawful refusals to provide Rebecca with transitional services, a free psychiatric evaluation, and vocational assessments effectively deprived her of meaningful access to college, work, and independent living skills after graduation from high school in violation of §504 and the ADA.

34.    The School District effectively deprived Rebecca of the benefits of her special education program and reasonable accommodations to which she entitled under the IDEA in violation of Section 504 and the ADA.

35.    After the Papes requested an impartial due process hearing pursuant to the IDEA, the School District retaliated against them by aging Rebecca out of its special education program by graduating her from high school during her pendent placement in violation of §1415(j) of the IDEA, and by cutting off of funding for her special education and

related services to which she was entitled under the IDEA
until she became 21 years old.

36.    In June 2003, Rebecca was only 19 years old when
defendants unlawfully aged her out of her special education
program at Summit in June 2003.    In addition, the School
District violated its obligations to Rebecca under §1415(j)
of the IDEA to provide her with compensatory education and
related services until she was 21 years old or older, even
if she graduated from high school.

37.    On  or  about  June  2003,  the  School  District
unlawfully excluded Rebecca by cutting off her funding for
her then pendency placement at Summit causing her to lose
the benefits to which she was entitled under §504 of the
Rehabilitation Act and Title II of the ADA.

38.    Defendants' persistent and willful violations of
the procedural safeguards of §1415 of the IDEA constituted
gross procedural violations of plaintiffs' rights under the
Due Process and Equal Protection Clauses of the Fourteenth
Amendment and §1983.

39.    Defendants  Gersen  and  Corrigan  are  sued
individually and in their official capacities because they
failed to act as reasonable Superintendents when they chose
to deliberately violate clearly established laws under the
IDEA.    As the highest ranking supervisors and policy makers

for the School District's IDEA and Section 504 programs for disabled students they should have known the consequences of their actions against plaintiffs. They are jointly and severally liable for failing to train and supervise the School District's special education supervisors and employees to ensure that the School District and its CSE are in compliance with federal and state procedural safeguards that govern the education of its students with disabilities.

40.    On October 12, 2004, the Impartial Hearing Officer (hereafter "IHO") ordered the School District to provide Rebecca with the following:    (1) a new CSE meeting to create a new plan for transition services; (2) plan a psychiatric evaluation; (3) plan a vocational assessment; (4) consider employment strategies; (5) plan educational strategies; and (6) plan counseling strategies.

41.    At that time, defendants deliberately and recklessly violated the IHO's order of October 12, 2004 by totally ignoring said order.    The School District's failure to comply with the IHO's order is a continuing violation of Rebecca's clearly established statutory rights under the IDEA to an enforceable order and remedies under the IDEA such as transitional services, vocational assessments and

11

free counseling services and psychiatric evaluations under the IDEA.

42.    Plaintiffs have not received a single remedy for the continuing violations of their rights under the IDEA. To date, the School District has still refused to comply with the IHO's order of October 12, 2004.

43.    Defendants School District, Gersen and Corrigan failed to act as a reasonable and competent school district administrators    and    supervisors    when    they    willfully disregarded    the    IHO    order    of    October    12,    2004,    and perpetrated unlawful delaying tactics which caused Rebecca to age out of the system and lose valuable transitional services which would have addressed her disability related issues    which    she    sorely    needed    to    acquire    independent living skill.

44.    Defendants School District, Gersen and Corrigan's callous    and    reckless    indifference    to    their    clearly established obligations under §1415 of the IDEA to provide plaintiffs with an enforceable administrative decision and order    resulted    in    the    violation    of    Rebecca's    clearly established rights to a meaningful access to the benefits offered by the defendants' special education program and reasonable    accommodations    for    her    disabilities,    in

12

violation of §504 of the Rehabilitation Act and the ADA,
and §1983.

45.        On or about November 16, 2006, plaintiffs
appealed to the State Review Officer (hereafter "SRO")
seeking the enforcement of the IHO's decision of October
12, 2004.

46.   On December 8, 2006, the SRO, found, inter alia,
that "because the October 12, 2004 [IHO] decision was
favorable to the Petitioner [the Papes], petitioners need
not exhaust administrative remedies prior to bringing an
action in court.

47.   Plaintiffs are not appealing the SRO's decision
of December 8, 2006.  Instead they have decided to bring a
civil rights action under §504 of the Rehabilitation Act,
the ADA, and §1983 against defendants School District,
Gersen and Corrigan based on violations of plaintiffs'
clearly established substantive rights under the IDEA, §504
of the Rehabilitation Act, the ADA, §1983, and under the
Due Process and Equal Protection Clauses of the Fourteenth
Amendment to the United States Constitution.

48.        Rebecca     desperately    required    transitional
services and certain critical services that were required
to address substantial barriers posed by her disability to
ensure future success in college and her career goals.

49.    After    graduation.    Rebecca    enrolled    at
Cobbleskill, State University of New York in the Fall
semester of 2005.    Despite her best efforts, Rebecca
dropped out of the university after attending college for
only three weeks.    While Rebecca was and is intellectually
capable of handling difficult academic courses, she was
unable to deal with the stress of living and studying with
others in a group setting or live in dormitory.

50.    Defendants' failure to provide Rebecca with the
necessary counseling and transitional services that she
needed to survive in college away from home doomed her to
failure.    Rebecca must live with her parents indefinitely
until her emotional issues have been adequately addressed
by compassionate mental health care professionals, and
until she receives vocational counseling and training.

51.    Rebecca will never recover compensatory education
because defendants' unlawful retaliation has caused her to
age out of special education under the IDEA.

52.    Rebecca suffers from diminished earnings because
of the School District's failure to provide her with a
functional education that would have taught her how to
handle working on a full time basis, and learn how to cope
with different types of co-workers.

14

53. As time goes by, Rebecca will suffer further regression because of the defendants' unlawful actions against her. Rebecca is presently 23 years old and suffers from loss of confidence and self-esteem.

54. Rebecca's hopes of working as a health care professional were shattered by the defendants' discriminatory acts against her. Without a college degree, Rebecca's dream of working and living independently are ruined.

55. Rebecca suffers mental anguish and humiliation because of the disability discrimination she has suffered.

56. Compensatory education will not be an adequate or sufficient remedy to make Rebecca whole for the irreparable harm done to her family and herself. The entire Pape family is entitled to be made whole by way of monetary damages to redress the great injustice that has been done to them by the School District.

57. Plaintiffs seek compensatory and punitive damages in the sum of Fifteen Million Dollars ($15,000,000) as a remedy for the gross procedural violations suffered by them at the hands of defendants. In addition, plaintiffs seek declaratory and equitable relief as well as attorney's fees and costs under the §504 of the Rehabilitation Act, Title II of the ADA, the Fourteenth Amendment and § 1983.

58.   In   addition,   plaintiffs   are   entitled   to
attorney's  fees  and  costs  for  prevailing  at  their  due
process hearing under the IDEA.

V.   CLAIMS

FIRST CLAIM:  RETALIATION CLAIM UNDER SECTION 504, THE ADA
AND §1983

59.    Plaintiffs    incorporate    by    reference    the
allegations of Paragraphs 1 through 58 of the complaint.

60.    After the Papes invoked the due process
hearing procedures of §1415 of the IDEA to enforce their
rights under the IDEA and §504 of the Rehabilitation Act,
the  School  District  retaliated  against  the  plaintiffs  by
(1)  violated  unilaterally  graduating  Rebecca  from  Summit
School, a change in her pendent placement, prohibited under
§1415(j) of the IDEA; (2)  by cutting off public funds for
her  special  education  program  before  she  became  21  years
old,   an   unlawful   exclusion   of   a   qualified   disabled
individual  prohibited  by  §504  of  the  Rehabilitation  Act,
and the ADA; (3) by depriving plaintiffs of an enforceable
administrative decision and order under the IDEA.

As  a  result  of  the  School  District's  retaliatory
actions  against  the  plaintiffs,  Rebecca  was  deprived  of  a
free appropriate public education in violation of the IDEA,

16

Section 504 of the Rehabilitation Act, Title II of the ADA, and §1983.

SECOND CLAIM:  GERSEN AND CORRIGAN'S FAILURE TO TRAIN THE SCHOOL DISTRICT'S SPECIAL EDUCATION PROFESSIONALS TO COMPLY WITH THE PROCEDURAL SAFEGUARDS OF §1415 OF THE IDEA RESULTED IN UNLAWFUL DISCRIMINATION AGAINST A QUALIFIED DISABLED INDIVIDUAL IN VIOLATION OF SECTION 504, THE ADA AND §1983.

61.  Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 60 of the complaint.

62.  By failing to train the School District's special education professionals to comply with the procedural safeguards of §1415 of the IDEA, defendants violated plaintiffs' clearly established rights under §504 of the Rehabilitation Act, the ADA, and §1983.

63.  Defendants' actions flouting the procedural guarantees of §1415 of the IDEA, Gersen and Corrigan personally established unlawful customs and practices for the School District special education professionals to follow in order to deny meaningful access to the benefits of its special education program; to deny reasonable accommodations to Rebecca, a qualified disabled individual; and to exclude her from special education after graduating her for improper reasons.

THIRD CLAIM:  DEFENDANTS' GROSS VIOLATIONS OF PLAINTIFFS'
RIGHTS UNDER THE IDEA, §504 OF THE REHABILITATION ACT, THE
ADA, §1983 RESULTED IN THE DEPRIVATION OF PLAINTIFFS'
RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE
FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITUTION

65.  Plaintiffs incorporate by reference the
allegations of Paragraphs 1 through 64 of the complaint.

66.  By disregarding the IHO order and retaliating
against plaintiffs for enforcing their §1415 impartial
hearing against the School District under the IDEA,
defendants cut off funding Rebecca's special education
program during her pendent placement, resulted in a gross
procedural violation in violation of the Due Process and
Equal Protection Clauses of the Fourteenth Amendment, and
§1983.

67.  Plaintiffs have suffered pain and humiliation,
mental anguish and loss of self-esteem because of
defendants' reckless indifference to their clearly
established constitutional rights.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully pray that the
Court:

1.  Assume jurisdiction over this action;

18

2.    Issue a declaratory judgment in plaintiffs' favor pursuant to Rule 57 of the Federal Rules of Civil Procedure as follows:

a.    that defendants Gersen and Corrigan unlawfully excluded Rebecca Pape from a federally funded program or activity solely by reason of her handicap;

b. that plaintiffs may bring this §1983 action against defendants School District, Gersen and Corrigan for their deliberate indifference to the deprivations of the plaintiffs' rights under Sections 504 and the ADA, and the Fourteenth Amendment;

c.    that defendants School District, Gersen and Corrigan are liable for violating the anti-retaliation provision of Section 504 by deliberately and recklessly disregarding the clearly established procedural guarantees of §1415 of the IDEA after the plaintiffs won their impartial due process hearing;

d.    that defendants School District, Gersen and Corrigan violated Rebecca's rights under Section 504 and the ADA by terminating all special education and related services which she was entitled before the requested impartial hearing was concluded;

e.    that the School District was obligated under the IDEA, §504 of the Rehabilitation Act, and the ADA to comply

19

with the IHO's order to provide Rebecca with transitional services, a psychiatric evaluation, vocational assessments, and counseling services after she graduated from high school because Rebecca was 19 years old and was still eligible to receive special education and related services under the IDEA.

f.    that defendants School District, Gersen, and Corrigan are liable under §1983 for violating Section 504 and the ADA because of their failure to supervise and train the School District and their agents and employees on their obligations under the IDEA, Section 504 and the ADA.

g.    that plaintiffs exhausted their administrative remedies under the IDEA, and have a right to bring this §1983 action against the defendants;

h.    that judgment be entered against defendants jointly and severally, for general and specific compensatory damages in the sum of Fifteen Million Dollars ($15,000,000.00),

3.    Award the plaintiffs punitive damages in the amounts of $5,000,000.00, respectively, against defendants Mr. Gersen and Mr. Corrigan, for inflicting mental anguish, humiliation on plaintiffs and deprivation of their constitutional rights.

4. Award costs, disbursements and reasonable attorney's fees.

5. Grant such other and further relief as the Court may deem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL

Dated:   Bronx, New York
         February 7, 2008

Respectfully submitted,

Ben M. Arai (BA-1969)
Attorney for Plaintiffs
1175 Forest Avenue, Suite 3
Bronx, NY 10456
(718)378-6527

21