UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLIAM PAPE and NANCY E. PAPE,
individually and as natural
guardians of REBECCA PAPE, and REBECCA
PAPE

                        Plaintiffs,

    -against-

THE BOARD OF EDUCATION OF THE WAPPINGERS
CENTRAL SCHOOL DISTRICT; WAYNE GERSEN,
individually and as Superintendent
of the Wappingers Central School District;
and JOSEPH CORRIGAN, individually and as
Assistant Superintendent for
Administration of the Wappingers
Central School District,

                        Defendants,

-----------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT**

Case No.
07cv8828 (KMK)

Hon. Kenneth M. Karas

Defendants, the Board of Education of the Wappingers Central School District ("District"), Wayne Gersen ("Gersen"), individually and as Superintendent of the Wappingers Central School District, and Joseph Corrigan ("Corrigan"), individually and as Assistant Superintendent for Administration of the Wappingers Central School District, answering the Amended Complaint herein by its attorneys, Donoghue, Thomas, Auslander & Drohan, LLP, allege as follows:

## I. PRELIMINARY STATEMENT

1.     Defendants note that paragraph 1 of the Amended Complaint contains two paragraphs and Defendants deny the allegations contained in both paragraphs labeled paragraph 1 of the Amended Complaint.

2.     Respectfully refer the allegations contained in paragraph 2 of the Amended Complaint to the Court to determine at the time of trial as a question of law, not fact.

## II. JURISDICTION AND VENUE

3. Deny the allegations contained in paragraph 3 of the Amended Complaint.

4. Deny the allegations contained in paragraph 4 of the Amended Complaint.

5. Admit only that Plaintiffs makes certain allegations contained in paragraph 5 of the Amended Complaint, but deny that Plaintiffs are entitled to the relief sought therein.

6. Respectfully refer the allegations contained in paragraph 6 of the Amended Complaint to the Court to determine at the time of trial as a question of law, not fact.

7. Respectfully refer the allegations contained in paragraph 7 of the Amended Complaint to the Court to determine at the time of trial as a question of law, not fact.

## III. PARTIES

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Deny the allegations contained in paragraph 13 of the Amended Complaint.

## IV. STATEMENT OF FACTS

14. Admit the allegations contained in paragraph 14 of the Amended Complaint.

15. Deny the allegations contained in paragraph 15 of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint, but admit that Plaintiff Rebecca Pape graduated from the Summit School.

17. Deny the allegations contained in paragraph 17 of the Amended Complaint.

18. Deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Admits that the Plaintiffs and the District conducted Committee on Special Education ("CSE") meetings but deny the remaining allegations contained in paragraph 19 of the Amended Complaint, and deny that any referrals to the CSE in 1999 are relevant to Plaintiffs' present claims for relief.

20. Deny the allegations contained in paragraph 20 of the Amended Complaint.

21. Deny the allegations contained in paragraph 21 of the Amended Complaint, and respectfully refer the Court to any letters, documents, or memoranda referenced therein, for a determination of their legal meaning and import.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23. With regard to the allegations contained in paragraph 23 of the Amended Complaint, Defendants admit only that Plaintiff Rebecca Pape was a classified student with emotional disturbance, and deny that the remaining allegations contained in the paragraph are relevant to Plaintiffs' present claims for relief.

24. With regard to paragraph 24 of the Amended Complaint, defendants respectfully refer the Court to said written demand for a determination of its legal meaning and import, but deny that the request for a due process hearing in 2000 is relevant to Plaintiffs' present claims for relief.

25. Deny the allegations contained in paragraph 25 of the Amended Complaint, and deny that

the allegations contained in the paragraph are relevant to Plaintiffs' present claims for relief.

26. Deny the allegations contained in paragraph 26 of the Amended Complaint.

27. With regard to the allegations contained in paragraph 27 of the Amended Complaint, admit that an Impartial Hearing took place before Mr. James P. Walsh but deny the remaining allegations contained therein.

28. Admit that the District classified Plaintiff Rebecca Pape as a student with emotional disturbance but deny the remaining allegations contained in paragraph 28 of the Amended Complaint.

29. With regard to the allegations contained in paragraph 29 of the Amended Complaint, admit that the District developed an IEP for Plaintiff Rebecca Pape but deny the remaining allegations contained therein.

30. With regard to paragraph 30 of the Amended Complaint, defendants respectfully refer the Court to the 2002-03 IEP for a determination of its legal meaning and import.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32. With regard to the allegations contained in paragraph 32 of the Amended Complaint, defendants admit that Plaintiffs requested an impartial hearing on or about March of 2003 but deny the remaining allegations contained therein.

33. Deny the allegations contained in paragraph 33 of the Amended Complaint.

34. Deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Deny the allegations contained in paragraph 35 of the Amended Complaint.

36. With regard to the allegations contained in paragraph 36 of the Amended Complaint, deny knowledge or information as to Plaintiff Rebecca Pape's age in June of 2003 and deny the

remaining allegations contained therein.

37. Deny the allegations contained in paragraph 37 of the Amended Complaint.

38. Deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the Amended Complaint.

40. With regard to the allegations contained in paragraph 40 of the Amended Complaint, defendant District admits that the IHO issued an order and affirmatively states that the District complied with the order, and respectfully refers the Court to the IHO decision for a determination of its legal meaning and import.

41. Deny the allegations contained in paragraph 41 of the Amended Complaint.

42. Deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Deny the allegations contained in paragraph 44 of the Amended Complaint.

45. With regard to the allegations contained in paragraph 45 of the Amended Complaint, Defendant District admits that Plaintiffs appealed to the SRO, and respectfully refer the Court to the papers filed in that SRO appeal for a determination of their legal meaning and import.

46. With regard to paragraph 46 of the Amended Complaint, defendants respectfully refer the Court to the SRO decision for a determination of its legal meaning and import.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint.

50. With regard to the allegations contained in paragraph 50 of the Amended Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Rebecca Pape must live with her parents indefinitely and deny the remaining allegations contained therein.

51. Deny the allegations contained in paragraph 51 of the Amended Complaint.

52. Deny the allegations contained in paragraph 52 of the Amended Complaint.

53. With regard to the allegations contained in paragraph 53 of the Amended Complaint, deny the allegations that Defendants committed unlawful actions against Plaintiffs and deny knowledge or information with regard to the remaining allegations contained therein.

54. Deny the allegations contained in paragraph 54 of the Amended Complaint.

55. With regard to the allegations contained in paragraph 55 of the Amended Complaint, Defendants deny they discriminated against Plaintiff Rebecca Pape on the basis of disability and deny knowledge or information sufficient to form a belief with regard to the remaining allegations contained in the paragraph.

56. Deny the allegations contained in paragraph 56 of the Amended Complaint.

57. Deny allegations contained in paragraph 57 of the Amended Complaint, and deny that Defendants committed any gross procedural violations that entitle Plaintiffs to any of the relief specified therein.

58. Deny the allegations contained in paragraph 58 of the Amended Complaint.

## V. AS AND FOR A FIRST CLAIM FOR RELIEF

59. With regard to the allegations contained in paragraph 59 of the Amended Complaint, Defendants repeat and restate each and every admission, denial or other response interposed in paragraphs 1 through 58 of its answer with the same force and effect as if herein set forth in full.

60. Deny the allegations contained in paragraph 60 of the Amended Complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF

61. With regard to the allegations contained in paragraph 61 of the Amended Complaint, Defendants repeat and restate each and every admission, denial or other response interposed in paragraphs 1 through 60 of its answer with the same force and effect as if herein set forth in full.

62. Deny the allegations contained in paragraph 62 of the Amended Complaint.

63. Deny the allegations contained in paragraph 63 of the Amended Complaint.

64. Defendants note that there is no paragraph 64 of the Amended Complaint.

## AS AND FOR A THIRD CLAIM FOR RELIEF

65. With regard to the allegations contained in paragraph 65 of the Amended Complaint, Defendants repeat and restate each and every admission, denial or other response interposed in paragraphs 1 through 64 of its answer with the same force and effect as if herein set forth in full.

66. Deny the allegations contained in paragraph 66 of the Amended Complaint.

67. Deny the allegations contained in paragraph 67 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

68. Plaintiffs' claims against all Defendants are barred by the applicable statute of limitations.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

69. Plaintiffs failed to serve a Notice of Claim in accordance with Section 3813 of the Education Law prior to commencing this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, by reason of defendant having fully provided a free appropriate public education to Plaintiff Rebecca Pape.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claims against Defendant Gersen, in his individual and official capacities, should be dismissed on grounds of statute of limitations and factual impossibility as Gersen ceased being an employee of the District, on or about June 30, 2002, prior to the alleged acts that Plaintiffs claim constituted discrimination on the basis of disability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

72. Plaintiffs' claims against Defendant Corrigan, in his individual and official capacities, should be dismissed on grounds of statute of limitations and factual impossibility as Corrigan ceased being an employee of the District, on or about August 23, 2000, prior to the alleged acts that Plaintiffs claim constituted discrimination on the basis of disability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

73. Plaintiffs failed to obtain personal jurisdiction over the individual Defendants, Gersen and Corrigan.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

74. Plaintiffs' claims for relief under 42 U.S.C. § 1983 for violations of Section 504 of the Rehabilitation Act, the ADA, and IDEA must be dismissed as relief under 42 U.S.C. § 1983 for violations of Section 504 of the Rehabilitation Act, the ADA, and IDEA is prohibited by law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

75. Plaintiffs' claims for relief under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment must be dismissed as Plaintiffs have failed to allege that they are members of a protected class and that any due process procedures with regard to students with disabilities are expressly governed by Section 504 of the Rehabilitation Act, the ADA, and IDEA.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

76. Plaintiffs William Pape and Nancy E. Pape lack standing to bring suit on behalf of Plaintiff Rebeccca Pape.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

77. Plaintiffs William Pape and Nancy E. Pape are prohibited from asserting claims for relief on behalf of themselves for any alleged violations of Section 504 of the Rehabilitation Act, the ADA, IDEA and the Fourteenth Amendment against Plaintiff Rebecca Pape.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

78. Plaintiffs' Amended Complaint must be dismissed against all Defendants on the grounds of qualified immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

79. Plaintiffs' claims under Section 504 of the Rehabilitation Act, the ADA, IDEA as against Defendants Gersen and Corrigan must be dismissed as Section 504 of the Rehabilitation Act, the ADA, and IDEA do not allow for individual liability.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

80. Plaintiffs' claims under Section 504 of the Rehabilitation Act, the ADA, IDEA must be dismissed as Section 504 of the Rehabilitation Act, the ADA, and IDEA do not allow for compensatory and punitive damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

81. Plaintiffs' Amended Complaint must be dismissed under the doctrine of laches.

## AS AND FOR A FIRST COUNTER-CLAIM

82. Plaintiffs' claims against Defendants Gersen and Corrigan have no basis in fact and law.

83. Defendants Gersen and Corrigan were not even employed by the District when Plaintiffs

allege Rebecca Pape graduated from the Summit School [see, Amended Complaint, para. 36].

84.     Therefore, Defendants should be awarded costs and attorneys fees for defending Plaintiffs' claims as against Gersen and Corrigan.

Wherefore, Defendants respectfully requests that the Court enter an Order and Judgment dismissing the Amended Complaint and awarding Defendants the costs of this action, together with such other and further relief as the court deems proper.

Dated:   Hopewell Junction, New York
         March 31, 2008

                                 Respectfully submitted,

                                 DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP

         By:    _____
                Neelanjan Choudhury (2342)
                2517 Route 52
                Hopewell Junction, NY 12533
                Tel.:  (845) 227-3000
                Fax:   (845) 227-6873

TO:

Ben M. Arai, Esq.
1175 Forest Avenue, Suite 3
Bronx, NY 10456
(718) 378 - 6527

DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP

| Index No. | Year 20 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM PAPE and NANCY E. PAPE,
individually and as natural guardians of REBECCA PAPE,
and REBECCA PAPE

        Plaintiffs,

-against-

THE BOARD OF EDUCATION OF THE WAPPINGERS
CENTRAL SCHOOL DISTRICT; WAYNE GERSEN,
individually and as Superintendent of the Wappingers
Central School District; and JOSEPH CORRIGAN,
individually and as Assistant Superintendent for
Administration of the Wappingers Central School District,

        Defendants.

## ANSWER TO AMENDED COMPLAINT

### DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP

Attorney(s) for  Defendants
Office and Post Office Address, Telephone
**2517 ROUTE 52
HOPEWELL JUNCTION, NEW YORK 12533
(845) 227-3000**

To

Attorney(s) for

Service of a copy of the within      is hereby admitted.

Dated,

    Attorney(s) for        .....................................

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on   20

☐ *NOTICE OF SETTLEMENT*
that an order      of which the within is a true copy will be presented for
settlement to the HON.      one of the judges

of the within named Court, at
on the    day of    20   at   M.

Dated,

        Yours, etc.

**DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP**
Attorney(s) for
Office and Post Office Address