# DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP

ATTORNEYS AND COUNSELLORS AT LAW

2517 ROUTE 52

HOPEWELL JUNCTION, NEW YORK 12533

(845) 227-3000

TELECOPIER (845) 227-6873

JOHN M. DONOGHUE
LAWRENCE W. THOMAS
JAMES P. DROHAN
DANIEL PETIGROW
STUART S. WAXMAN*

ANA ISABEL GONZALEZ
JUDITH CRELIN MAYLE
BRYN SARVIS PACE
NEELANJAN CHOUDHURY
SEMIRA ANSARI

PARALEGAL
LYNN W. CYBULSKI
CHRISTINE A. MERSAND

*ADMITTED IN NEW YORK AND NEW JERSEY

OF COUNSEL
ROCHELLE J. AUSLANDER
D'ANDREA & GOLDSTEIN
NATALIE J. MARSHALL

WESTCHESTER COUNTY OFFICE:
700 WHITE PLAINS ROAD
SCARSDALE, NEW YORK 10583
(914) 725-7893
TELECOPIER (914) 472-1840

**MEMO ENDORSED**

July 10, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

VIA OVERNIGHT MAIL

Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

**RE:   Pape et. al. v. Wappingers Central School District, et. al. (Case No. 07cv8828)**

Dear Judge Karas:

Our firm represents the defendants in the above-referenced matter. As per your Individual Part Rule II.A., we respectfully request a pre-motion conference for the above-referenced matter.

A previous conference was held on or about May 22, 2008. At the conference, the possibility of further amending the complaint was discussed. Plaintiffs have followed through and further amended their complaint, naming the Wappingers Central School District ("District") and Richard Powell, individually and in his official capacity as Superintendent of Schools for the District. Given the claims made, we seek to move to dismiss under F.R.C.P. 12[b][6].

In addition, as plaintiffs have elected not to exercise F.R.C.P. 4[d] waiver procedures, the defendants' time to answer or move expires July 21, 2008 (though we have not received any notification from PACER that the Second Amended Complaint has been filed). Though the Court has been involved with this matter for several months now, this is defendants' first application for an extension with regard to the Second Amended Complaint. Plaintiffs' counsel has consented to our request. As such, we respectfully request a sufficient extension of time to answer or move so that the pre-motion conference can be held as set forth in your

Individual Part Rules and as required in your prior directive from the May 22nd conference. We anticipate a 60 day extension should be sufficient but if the Court's calendar allows for a pre-motion conference within the near future, we may not require the full 60 days.

With regard to the basis of the defendants' proposed Motion, defendants set forth the following arguments as to why plaintiffs fail to state a claim for which relief can be granted:

1. Plaintiffs William and Nancy E. Pape Lack Standing

In New York, a child with a disability is defined as "a person ***under the age of twenty-one*** [emphasis added] who is entitled to attend public schools ... and who, because of mental, physical or emotional reasons can only receive appropriate educational opportunities from a program of special education." NY Educ. Law § 4401[1].

As discussed in the prior conference, since plaintiffs William and Nancy E. Pape neither allege to be students with a disability under the meaning of IDEA or Section 504 nor do they allege themselves to be discriminated against on the basis of disability within the meaning of Section 504, all claims for damages by William and Nancy E. Pape must be dismissed with prejudice. Furthermore, plaintiffs' reliance on 34 C.F.R. § 100.7[e] is misplaced as nowhere in the text of that regulation are parents of a child who reached the age of majority granted standing to commence litigation on behalf of the child.

2. The Applicable Statute of Limitations Has Expired

When a federal statute is silent with regard to the applicable statute of limitations, the courts apply the most analogous state statute of limitations. M.D. v. Southington Bd. of Educ., 334 F.3d 217 (2d. Cir. 2003). The applicable Statute of Limitations for a claim under 42 U.S.C. § 1983 for a violation under Due Process or Equal Protection is the state's Statute of Limitations for personal injury. See, e.g., City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124 [2005]. The Statute of Limitations for claims under Section 504 of the Rehabilitation Act and Title II of the ADA is also the respective state's Statute of Limitations for personal injury. M.D. v. Southington Bd. of Educ.; Scaggs v. New York Dept. of Educ., 2007 WL 1456221 (E.D.N.Y.). The Statute of Limitations for personal injury claims in New York is three years. See, CPLR § 214. However, when the claim is for an intentional tort, the Statute of Limitations is only one year. See, CPLR § 215.

Plaintiffs allege discriminatory acts as having taken place in June 2003 [see, Second Amended Complaint, ¶ 17] through December 30, 2003 [id. at ¶ 25], and October 12, 2004. Plaintiff alleges defendants were "motivated to retaliate against [them]." See, Second Amended Complaint, ¶ 18, 20. Whether under the one or three year analogous Statute of Limitations, all claims for relief against the District for alleged retaliatory acts prior to October 12, 2004 are time-barred (and plaintiffs do not seek relief for any action taken after October 12, 2004). Furthermore, as the Second Amended Complaint was just recently filed (on or about June 30, 2008), all claims against Defendant Powell are time-barred.

### 3. Equal Protection and Due Process Claims Are Inappropriate

Plaintiffs have failed to allege that they fall within a protected class for Equal Protection purposes or that a particular class has been discriminated against. Therefore any claim for relief under the Equal Protection Clause must be dismissed. Weixel v. Board of Educ. of City of New York, 287 F.3d 138, 151 [2d Cir. 2002]. As Plaintiff Rebecca Pape alleges to be a classified student under IDEA, any due process concerns with regard to her Section 504 rights were addressed as plaintiffs acknowledge in the Second Amended Complaint (see, ¶¶ 14, 19, 20, 25-27), thereby making a separate constitutional Due Process claim inappropriate.

### 4. Compensatory Damages

Plaintiffs seek compensatory damages of $15,000,000. However, if plaintiff is seeking compensation for retaliation under Section 504 and Title II for violations of IDEA, then the proper remedy is compensation under IDEA, which may include tuition reimbursement, compensatory services and other forms of relief to ensure a free appropriate public education. See, e.g., Burlington School Committee v. Dept. of Educ. of Com. of Mass, 471 U.S. 359 [1985]. However, recovery of lost earning potential for such students is not a proper remedy under IDEA, and therefore not a proper remedy here.

Similarly, the Second Amended Complaint is replete with allegations of IDEA due process violations (see, e.g., ¶¶ 14-34). While administrative remedies are moot as plaintiffs themselves allege to be the prevailing party at the due process level (see, e.g., ¶ 28), plaintiffs should be bound to whatever remedies are available under IDEA. Polera v. Board of Educ. of Newburgh Enlarged City School Dist., 288 F.3d 478, 483-87 [2d Cir. 2002].

### 5. Laches

Plaintiffs' Second Amended Complaint should be dismissed with prejudice under the doctrine of laches. Plaintiffs seek relief for claims the defense of which would prejudice the District. Phillips v. Board of Educ. of Hendrick Hudson School Dist., 949 F.Supp. 1108 [S.D.N.Y. 1997]. Though not commonplace, the defense of laches can be asserted under Rule 12[b] if the defense is clear on its face in the complaint. Lennon v. Seaman, 63 F.Supp.2d 428, 439 [S.D.N.Y. 1999].

### 6. Punitive Damages Against Defendant Richard A. Powell

Plaintiffs' claims for punitive damages against Defendant Powell should be dismissed as there is no individual liability under Section 504. S.W. by J.W. v. Warren, 528 F.Supp.2d 282, 298 [S.D.N.Y. 2007].

3

### 7. Plaintiffs' Failed to Serve A Notice Of Claim Upon the District

NY Educ. Law § 3813 states a Notice of Claim must be served upon the governing body of a school district the moment a claimant's claim accrues against the district, "for any cause whatever." Plaintiffs have not alleged to have filed a Notice of Claim, also a statutory requirement. Id. While it was debated during the last court conference whether a Notice of Claim is required to litigate claims under IDEA in federal court, that plaintiffs are asking for monetary compensatory relief for lost earning capacity indicates that plaintiffs are not seeking the vindication of a public interest. Rather this type of action is exactly what Section 3813 was designed to do – to give a school district notice for possible monetary liability. See, e.g., Falchenberg v. New York City Dept. of Educ., 375 F.Supp.2d 344, 349-50 [S.D.N.Y. 2005].

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Neelanjan Choudhury (2342)

cc: Ben M. Arai, Esq. (via fax and overnight mail)

*[Handwritten note:]* The Court will hold a pre-motion conference on September 10, 2008, at 11:00. Defendants' time to answer is stayed until then. Plaintiffs are to respond to this letter by August 1, 2008.

SO ORDERED

KENNETH M. KARAS U.S.D.J.
7/21/08